MINUTES OF THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

*Donna Rae Lankford v. Charles L. Ryan, et al.*

THE HONORABLE JOHN W. SEDWICK                    2:10-cv-8040 JWS

PROCEEDINGS:   **ORDER FROM CHAMBERS**          December 6, 2012

  Donna Rae Lankford ("petitioner") moved for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. The matter was briefed, and the magistrate judge filed a report at docket 21 in which he recommended that the petition be denied and dismissed with prejudice. Petitioner filed her objections at docket 22.

  This court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). When reviewing a magistrate judge's recommendations in a case such as this one, this court conducts *de novo* review of all recommended conclusions of law, and any recommended findings of fact to which objections have been taken. Recommended findings of fact as to which no objection has been taken are reviewed for clear error.

  Petitioner's objections do not raise any point not adequately addressed by the magistrate judge in his report. Having applied the standards of review set out above, this court finds that the recommended findings of fact and conclusions of law are correct in all material respects. Therefore, this court adopts Magistrate Judge Voss' recommendations at docket 21. Based on those recommendations, the petition is **DENIED**. The Clerk will please enter judgment denying the petition and dismissing it prejudice.

  **IT IS FURTHER ORDERED THAT** this court will not grant the Certificate of Appealability required by 28 U.S.C. § 2253(c), nor will it grant leave to proceed on appeal *in forma pauperis*, because dismissal of the petition is clearly warranted by a plain procedural bar, and jurists of reason would not find the procedural bar debatable, and as to Ground Two, Petitioner has failed to make a substantial showing of the denial of a constitutional right. *See* 218 U.S.C. § 2253. If petitioner desires to take an appeal, she must request a Certificate of Appealabilty from the Court of Appeals. *See* Fed. R. App. P. 22(b)(1).

_____